# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TOMAS D. CUESTA, SR.,
    Plaintiff,

v.                                          Case No. 17-C-104

JAMIE BARKER and NICOLE TREVINO,
    Defendants.

---

## DECISION AND ORDER

Tomas D. Cuesta, Sr., a state prisoner representing himself, brings this action alleging that Jamie Barker and Nicole Trevino violated his constitutional rights by denying him medical care and acting with deliberate indifference to his medical needs. Defendants move for summary judgment.

## I. BACKGROUND[1]

At all times relevant to this case, plaintiff was an inmate at Stanley Correctional Institution (SCI). (Compl. ¶ 17; Dft. PFoF ¶ 1.) Barker was the Health Services Manager and Trevino was a Nurse Clinician II at SCI. (Dft. PFoF ¶¶ 2, 4.)

Prior to being transferred to SCI, plaintiff was housed at Green Bay Correctional Institution. (Compl. ¶ 14.) While there, at some point, he suffered a back injury resulting in a week in the infirmary, a "Tylenol #3" prescription, and a low-bunk restriction. *Id.*

When plaintiff arrived at SCI in 2012, his low-bunk restriction was terminated. (Compl. ¶ 15.) After he complained, the Health Service Unit (HSU) called him to be

---

[1] This background is taken from defendants' proposed findings of fact (Dft. PFoF, Docket No. 28) and plaintiff's sworn complaint (Compl., Docket No. 1), which I construe as an affidavit at the summary judgment stage. *Ford v. Wilson,* 90 F.3d 245, 246–47 (7th Cir. 1996). I have included only those properly supported facts that are relevant to the claims upon which plaintiff proceeds in this case. *See* Fed. R. Civ. P. 56(c).

seen by a doctor. *Id*. While being seen by the doctor, plaintiff asked to see a specialist and also told the doctor that he could not "climb[] up and down [the] bunk bed without experiencing 'substantial difficult and discomfort.'" *Id*. The doctor recommended ice and ibuprofen and prescribed plaintiff a renewable low-bunk restriction. *Id.* Plaintiff was required to annually request the low-bunk restriction from his care provider. His requests were approved in 2013, 2014, and 2015. (Dft. PFoF ¶ 7.)

At some point, plaintiff obtained a job with the maintenance staff, but he irritated his back injury while shoveling snow, which was one of his job duties. (Compl. ¶ 16.) While a nurse in the HSU was examining him, plaintiff requested to see a back therapist. *Id*. The nurse prescribed plaintiff ibuprofen, ice, and low back exercises. *Id*.

In November 2015, Barker became the Health Services Manager, and that December he established a Special Needs Committee in accordance with Bureau of Health Services policy. (Dft. PFoF ¶ 8.) This committee—comprised of HSU personnel, security staff, and non-security staff—is responsible for making determinations on inmate requests for special accommodations after reviewing the inmates' medical history. (Dft. PFoF ¶ 9.)

In October 2016, plaintiff submitted his annual request for a low-bunk restriction. (Dft. PFoF ¶ 10.) He, at some point later, was "sick" because of back pain, and Trevino treated him. (Compl. ¶ 17.) Trevino prescribed plaintiff medication and authorized a one-month extension of the low-bunk restriction, until the Special Needs Committee could meet to review plaintiff's request. (Compl. ¶ 17; Dft. PFoF ¶ 10.) Trevino was not a member of the committee. (Dft. PFoF ¶ 12.) When the committee met, it reviewed

plaintiff's medical file, determined that he did not meet the criteria for a low-bunk restriction, and denied his request. (Compl. ¶ 18; Dft. PFoF ¶ 11.)

After the denial, plaintiff asked Barker to schedule an appointment with a non-Department of Corrections (non-DOC) back specialist. (Compl. ¶ 18; Dft. PFoF ¶ 13.) According to Division of Adult Institutions (DAI) policy, if the requested non-DOC medical provider exam is not ordered by a DOC medical provider, the prisoner who wishes to be examined by a non-DOC medical provider must bear all related expenses including the security staff escort, transportation, treatment, and other associated costs. (Compl. ¶ 18; Dft. PFoF ¶ 14.) After reviewing plaintiff's file and not seeing a request by a DOC medical provider for a non-DOC provider exam, Barker informed plaintiff by memo of the policy and the steps plaintiff would need to take to complete his request. (Dft. PFoF ¶¶ 15–17.)

Plaintiff submitted an inmate complaint asserting Barker failed to provide him with a non-DOC medical provider exam. (Dft. PFoF ¶ 18.) The complaint was dismissed based on the finding that plaintiff was not denied the ability to see an outside provider but was told how to complete his request. (Dft. PFoF ¶ 20.)

## II. DISCUSSION

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a

"material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Plaintiff's claims arise under the Eighth Amendment, which "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Srv.*, 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," they violate the Constitution. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). A plaintiff asserting an Eighth Amendment claim based on deficient medical care must show (1) an objectively serious medical condition and (2) an official's deliberate indifference to that condition. *Id.* Defendants do not argue that plaintiff's back injury is not objectively serious. Thus, the only issue before me is whether defendants acted with deliberate indifference to that condition.

Defendants argue that plaintiff cannot show that either of them acted with deliberate indifference. Specifically, they contend that Trevino was not personally involved in the decision to deny plaintiff's request for a low-bunk restriction and that Barker was not personally involved in the policy requiring plaintiff to complete additional steps to secure a non-DOC medical exam. Plaintiff counters that Trevino acted with deliberate indifference when she failed to request a back specialist to assess plaintiff's back injury and when she recommended that the committee deny plaintiff's low-bunk restriction request. He asserts that Barker was deliberately indifferent to his medical needs when she failed to assist him in securing a non-DOC exam. I will discuss plaintiff's claim against each defendant in turn.

## A. Plaintiff's Claims Against Trevino

First, no reasonable jury could find that Trevino violated plaintiff's Eighth Amendment rights by not requesting a back specialist to assess plaintiff's condition. A prison official charged with providing treatment to a prisoner is not liable under § 1983 simply because the prisoner is dissatisfied with the medical treatment provided. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). In fact, "[a] prisoner's dissatisfaction with a . . . prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quoting *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974)). "A medical professional acting in [her] professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (internal quotation marks omitted).

Trevino provided plaintiff with pain medication and extended plaintiff's low-bunk restriction for an extra month after plaintiff's low-bunk restriction had expired. These treatment decisions, as well as her decision to deny plaintiff's request to see a specialist, were in line with those of other medical professionals who treated plaintiff for his back pain and similarly denied his requests to see a specialist. Thus, her actions cannot be said to have been "blatantly inappropriate" or a "departure from accepted professional judgment, practice, or standards." *Id.*

Second, no reasonable jury could find that Trevino violated plaintiff's Eighth Amendment rights by purportedly recommending that the Special Needs Committee deny plaintiff's request for a low-bunk restriction. For one thing, nothing in the record suggests that Trevino did any such thing. Moreover, a mere recommendation is insufficient to establish that Trevino is personally responsible for the Special Needs Committee's decision, as necessary to demonstrate individual liability for any resulting constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Thus, Trevino is entitled to summary judgment on plaintiff's claims against her.

### B. Plaintiff's Claims Against Barker

The same is true with respect to Barker, who formed the Special Needs Committee that denied plaintiff's request for a low-bunk restriction but did not serve on it and, thus, was not involved in making that decision. Also, Barker did not create plaintiff's back injury nor does plaintiff allege, let alone show, that she increased his back pain in any way. When plaintiff requested to see a non-DOC medical provider, Barker—following DAI policy that she did not create but merely enforced—reviewed plaintiff's medical records, saw that no DOC medical provider had request a specialist for plaintiff, and so provided plaintiff with information on how he could complete his request in that instance. No reasonable jury would find that following DAI policy and providing this information made it harder for plaintiff to solve his back pain problem.

DAI policy does not prevent access to a specialist, but it also does not require the prison institution to foot the bill for a specialist when plaintiff's DOC care providers have not—based on their professional judgment—requested that he be seen by one. Again, plaintiff's "mere disagreement" with the medical treatment he received is insufficient to

support an Eight Amendment claim. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 106). Indeed, "the Eighth Amendment does not confer a constitutional right to demand either a particular type of medical treatment or a certain specialist." *Kendrick v. Frank,* 310 F. App'x 34, 38 (7th Cir. 2009). Therefore, Barker is entitled to summary judgment on plaintiff's claims against her.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket No. 26) is **GRANTED**. The Clerk of the Court shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2018.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
United States District Judge